IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RICHARD SCHWARTZ, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) | |
| | ) | Cause No. 4:10cv-1013 |
| vs. | ) | |
| | ) | St. Louis City Case No. |
| NICHOLAS G. HIGGINS, et al., | ) | 0822-CC09723 |
| | ) | |
| Defendants. | ) | |

## ANSWER

COMES NOW Defendant Nicholas G. Higgins ("Defendant") and for his answer to the petition for damages of Plaintiff Richard Schwartz ("Plaintiff") states as follows:

1.  Defendant admits that he acted as attorney of record for Barnes Hospital in the case of *Barnes Hospital vs. Schwartz*, Cause No. 22020-02065 (Circuit Court of the City of St. Louis, State of Missouri, filed February 19, 2002) ("collection case"). Defendant denies the remainder of the allegations in paragraph one.

### Factual Background of This Cause

2.  Defendant admits this cause was within the subject matter jurisdiction of the circuit court. Defendant denies the remainder of the allegations in paragraph two.

3.  Defendant denies the allegations in paragraph three.

4.  Defendant admits that there was a default judgment entered against Plaintiff in the collection case. Defendant denies the remainder of the allegations in paragraph four.

5.  Defendant admits that Plaintiff previously brought suit against Defendant and Barnes-Jewish Hospital d/b/a Barnes Hospital on or about May 30, 2007, *Schwartz vs. Higgins, et al.*, Cause No. 0722-AC7997 (Circuit Court of the City of St. Louis, State of Missouri, filed

May 30, 2007) ("Schwartz I").  Defendant denies the remainder of the allegations in paragraph five.

      6.      Defendant denies the allegations in paragraph six.

      7.      Defendant denies the allegations in paragraph seven.

### Common Nucleus of Operative Facts

      8.      Defendant denies the allegations in paragraph eight.

      9.      Defendant admits that Plaintiff was a licensed attorney at law.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph nine so Defendant denies the remainder of the allegations in paragraph nine.

      10.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph ten so Defendant denies the allegations in paragraph ten.

      11.      Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph eleven so Defendant denies the allegations in paragraph eleven.

      12.      Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph twelve so Defendant denies the allegations in paragraph twelve.

      13.      Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph thirteen so Defendant denies the allegations in paragraph thirteen.

      14.      Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph fourteen so Defendant denies the allegations in paragraph fourteen.

15. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph fifteen so Defendant denies the allegations in paragraph fifteen.

16. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph sixteen so Defendant denies the allegations in paragraph sixteen.

17. Defendant denies the allegations in paragraph seventeen.

18. Defendant denies the allegations in paragraph eighteen.

19. Defendant admits the collection case was filed in 2002. Defendant denies the remainder of the allegations in paragraph nineteen.

20. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph twenty so Defendant denies the allegations in paragraph twenty.

21. Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations in paragraph twenty-one so Defendant denies the allegations in paragraph twenty-one.

22. Defendant denies the allegations in paragraph twenty-two.

## First Cause of Action – Violation of Civil Rights

23. Defendant incorporates by reference his admissions and denials from paragraphs two through twenty-two above as and for his response to paragraph twenty-three.

24. Defendant denies the allegations in paragraph twenty-four.

25. Defendant admits there was a default judgment entered against Plaintiff in the collection case. Defendant denies the remainder of the allegations in paragraph twenty-five.

26. Defendant denies the allegations in paragraph twenty-six.

## Second Cause of Action – Invasion of Privacy

27. Defendant incorporates by reference his admissions and denials from paragraphs two through twenty-two above as and for his response to paragraph twenty-seven.

28. Defendant denies the allegations in paragraph twenty-eight.

## Third Cause of Action – Common Law Fraud

29. Defendant incorporates his admissions and denials from paragraphs two through twenty-two and twenty-four above as and for his response to paragraph twenty-nine.

30. Defendant admits there was a default judgment entered against Plaintiff in the debt collection case. Defendant denies the remainder of the allegations in paragraph thirty.

31. As to the phrase beginning "The Associate Circuit Court…" and ending "…of their representations…", Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation and therefore denies that allegation. Defendant denies the remainder of the allegations in paragraph thirty-one.

## General Considerations – Suitability of Equitable Relief

32. Defendant denies the allegations in paragraph thirty-two.

33. Defendant denies the allegations in paragraph thirty-three.

## Affirmative Defenses

34. Defendant denies each and every other allegation and averment not specifically admitted herein.

35. Defendant states that Plaintiff's petition and all counts thereof fail to state a claim or cause of action upon which relief can be granted.

36.     Defendant states that Plaintiff's petition, claims, and causes of action are barred by the applicable statute of limitations including §516.120 R.S.Mo. (2000).

37.     Defendant states that Plaintiff's petition, claims, and causes of action are extinguished and barred by the trial court's ruling in favor of Defendant in Schwartz I based on res judicata and collateral estoppel.

38.     Defendant states that Plaintiff's petition, claims, and causes of action are extinguished and barred by the trial court's ruling in favor of Defendant in Schwartz I based on res judicata and collateral estoppel as Plaintiff improperly has split his causes of action and claims.

39.     Defendant states that Plaintiff's petition, claims, and causes of action are barred based on res judicata and collateral estoppel as to default judgment in the debt collection case has not been set aside.

40.     Defendant states that any claim or cause of action against Defendant based upon his actions and/or omissions in the debt collection case in the furtherance of the representation of his client are privileged.

WHEREFORE, having fully answered, Defendant prays to be hence dismissed with his costs.

/s/ Lawrence R. Smith
Lawrence R. Smith, #16763
Gary P. Paul, #14579
Aaron I. Mandel, #29516
BRINKER & DOYEN, L.L.P
34 North Meramec, Fifth Floor
St. Louis, Missouri 63105-3959
(314) 863-6311 (Telephone)
(314) 863-8197 (Facsimile)
*Attorneys for Defendant Nicholas G. Higgins*

5

**CERTIFICATE OF SERVICE**

       I hereby certify that on June 2, 2010 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Michael E. Reid and Amanda Bradley Verett and I hereby certify that I have mailed by first class mail the document to Michael E. Reid and Amanda Bradley Verett, Verett/Reid Law, P. O. Box 673, 205 South Main Street, Suite B, Edwardsville, Illinois 62025; and also by first class mail to unserved Defendant BJC Health Systems, Inc., d/b/a Barnes-Jewish Hospital, K. Scott Gronowski, Registered Agent, 3015 North Ballas Road, St. Louis, Missouri 63131.

                                         */s/ Lawrence R. Smith*